Filed 3/25/26  P. v. Snell CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C103234 |
| Plaintiff and Respondent, | (Super. Ct. No. 24F4846) |
| v. | |
| AARON JEREMY RICHARD SNELL, JR., | |
| Defendant and Appellant. | |

Defendant Aaron Jeremy Richard Snell, Jr., pled guilty to recklessly causing the fire of a structure or forest land (Pen. Code, § 452, subd. (c)) and no contest to vandalism over $400 (§ 594, subd. (b)(1); undesignated section references are to the Penal Code). The trial court sentenced defendant to a total of 15 years four months as follows:  14 years (the upper term of seven years doubled) for recklessly causing a fire plus one year four months (one third the middle term of eight months doubled) for vandalism.

On appeal, defendant contends the trial court erred by failing to stay punishment on either the recklessly causing a fire or vandalism count under section 654.  Disagreeing, we affirm.

1

BACKGROUND

Around noon on August 2, 2024, the Redding Fire Department and the Redding Police Department responded to reports of a vegetation fire. Witnesses reported an adult male burning a fence and bushes with a torch. After police detained him, defendant admitted causing the fire by " 'playing and learning' " and " 'playing with fire.' " To enter the fenced property, defendant attempted to break through the metal chain on the fence by using a torch to heat the lock. Defendant then set the still-lit torch on the ground, igniting the grass. The fire damaged the plastic and wood privacy slats of the chain link fence and burned an approximately 50-foot by 20-foot area of vegetation. The chain holding the gate closed had numerous pry marks.

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant contends the trial court erred in imposing punishment for both recklessly causing a fire of forest land and vandalism because, according to him, the fire and the vandalism counts arose from the same course of conduct, heating the metal chain. We find that the multiple punishment was supported by substantial evidence defendant formed a separate intent and objective for each offense.

Section 654, subdivision (a) provides that "[a]n act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." Section 654's proscription against multiple punishment applies where a course of conduct is indivisible and punishable under multiple statutes. (*People v. Coleman* (1989) 48 Cal.3d 112, 164.) The actor's intent and objective determine the divisibility of a course of conduct, and if all offenses share one objective, punishment may be imposed for any of the offenses but not more than one. (*Ibid.*) To permit multiple punishments, the evidence must "support a finding the defendant formed a separate intent and objective for each offense for which he was sentenced." (*Id.* at

2

p. 162.)  We uphold the trial court's findings if supported by substantial evidence.  (See *People v. Fuentes* (2022) 78 Cal.App.5th 670, 680.)

Here, substantial evidence supports the trial court's implicit finding that defendant committed both offenses with separate intents and objectives.  Defendant admitted using a torch to try to break a lock on the fence to enter the fenced property.  As a result, defendant damaged the fence, and that completed the crime of vandalism.  Defendant also admitted he caused the vegetation fire.  For that crime, he was "playing and learning" and "playing with fire," witnesses saw him use the torch to set bushes on fire, and he set the still-lit torch on the ground, igniting the grass.  Thus, defendant's intent and objective in recklessly starting the fire was to "play[] and learn[]," and that was separate from his intent and objective to enter the fenced property by committing vandalism.

## DISPOSITION

The judgment is affirmed.


/s/
MESIWALA, J.


We concur:


/s/
ROBIE, Acting P. J.


/s/
KRAUSE, J.

3